UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH T. FLANAGAN,

Plaintiff,

vs.

CORECIVIC, INC. dba CORE CIVIC,

Defendant.

DECISION AND ORDER

1:24-CV-1079-MAV

## INTRODUCTION

Plaintiff Joseph Flanagan commenced this action in New York State Supreme Court, Erie County, against Defendant CoreCivic, Inc. dba Core Civic pursuant to New York Labor Law § 740 and New York Executive Law § 296. ECF No. 1-2. Defendant removed the action to this Court and moves to dismiss Plaintiff's first cause of action of retaliation under New York Labor Law § 740 pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

### I. Factual Background

The following facts are taken from Plaintiff's complaint, which the Court accepts as true for the purpose of ruling on the motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

Plaintiff began working for Defendant in October 2017, at 59 years old, where he was employed as a correctional officer contractor. ECF No. 1-2 ¶¶ 3, 5. Plaintiff

split his work time between the United States Marshal's Service ("USMS") Office at the United States District Court for the Western District of New York in Buffalo, New York and Youngstown, Ohio where Defendant's Northeast Ohio Correctional Center is located. *Id.* at 5. Plaintiff's time was "usually split 95% at the USMS's WDNY Office . . . and 5% in or travelling to and from Youngstown . . . ." *Id.* ¶ 6.

While working at the USMS Plaintiff alleges that he received frequent derogatory references to his age. *Id.* at ¶ 7. Comments were allegedly made by USMS Deputies, most frequently by USMS Deputy Ian Walton. *Id.* at ¶ 8. Plaintiff asserts that USMS Supervisor Lee Eckenrode "referred [Plaintiff] to an ageist, racist internet site" and called Plaintiff derogatory names. *Id.* at ¶ 9.

In or around 2020, USMS Chief Deputy Rebecca Smith met with Plaintiff to "[s]eek his opinion concerning the operation of the office and a run-down of [his] opinions regarding each deputy . . . ." *Id.* at ¶ 32. Plaintiff identified "significant violations of workplace policy and procedure" regarding the operation of the USMS office. *Id.* at ¶ 33. Plaintiff suggested that Smith "begin taking progressive discipline measures against violators" of workplace policy and procedure. *Id.* at ¶ 34.

In January 2022, "Ian Walton and [Plaintiff] exchanged words . . . about their respective job duties and performance." *Id.* at ¶ 15.

In February 2022, an "unruly prisoner incident" occurred at the Western District of New York Court lock-up. *Id.* at ¶ 26. Plaintiff asserts that after calling for back-up he entered the cell without back-up, which arrived "4 or 5 seconds after [he] went in" the cell. *Id.* at ¶ 27. After the incident Plaintiff had "a couple of

conversations" with Eckenrode and Smith regarding their concerns over the incident. *Id.* at ¶¶ 28–29. Defendant placed Plaintiff on paid administrative leave effective February 17, 2022, pending further investigation. *Id.* at ¶ 30.

Plaintiff alleges that "on or within a few days before April 14, 2022" he received a letter of termination from Defendant, which purported to be effective March 14, 2022. *Id.* at ¶ 16. Plaintiff filed a grievance with Defendant regarding the letter of termination, which was received by Defendant on April 17, 2022. *Id.* Defendant "told [Plaintiff] he was being investigated based on failure to call for back-up prior to entering a cell to take control of an unruly prisoner." *Id.* at ¶ 17.

At some point, and it is not clear when, Defendant told Plaintiff to report for duty in Youngstown "for less money than [his] Buffalo position paid." *Id.* at ¶¶ 18–20. Plaintiff told Defendant that he could not afford to move, that he would accept a position in Buffalo, but Defendant told Plaintiff there were no positions near Buffalo for him. *Id.* ¶ 19. Plaintiff applied for and received unemployment benefits based on Defendant's statement that Defendant would "only re-assign" him to Youngstown. *Id.* ¶ 22. Plaintiff asserts that Defendant's "alleged reason for terminating [his] position then changed, with [Defendant] alleging that [Plaintiff] had sworn at a deputy . . . ." *Id.* ¶ 21.

On June 20, 2022, Plaintiff had a thirty-minute telephone conference with Defendant's employees Warden David Bobby (the "Warden") and Human Resources Manager Christine Hittle. *Id.* ¶ 23. The Warden and Plaintiff discussed his grievance. *Id.* ¶ 24. Plaintiff told the Warden that "at no time during this period was there any

mention of any heated conversation . . . though [Defendant] later stated, in a termination letter, that [Plaintiff] was being terminated for swearing." *Id.* ¶ 31. At the end of the meeting, the Warden told Plaintiff that he "would be getting back with [him]" but never did. *Id.* ¶ 45.

### II. Procedural Background

Plaintiff filed his complaint on June 17, 2024, in Erie County State Supreme Court. ECF No. 1-2. On November 6, 2024, Defendant removed the case to federal court. ECF No. 1. On November 13, 2024, Defendant filed a motion to dismiss Plaintiff's first cause of action for failure to state a claim, arguing Plaintiff's retaliation claim is barred by the two-year statute of limitations period. ECF No. 4-2 at 4. Plaintiff did not file a response to Defendant's motion to dismiss.

On October 7, 2026, pursuant to Local Rule of Civil Procedure 41(b), the Court issued an Order to Show Cause within thirty days for Plaintiff to show why the action should not be dismissed for failure to prosecute. ECF No. 6. On November 5, 2026, Plaintiff filed a response stating that the "case has not progressed because the Court has not ruled on defendant CoreCivic, Inc's Rule 12(b)(6) motion to dismiss . . . ."[1] ECF No. 7 at 1. On November 6, 2026, the Court issued a text order discharging the Order to Show Cause. ECF No. 8.

## LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure

[1] Plaintiff appears to use his response to the Order to Show Cause to address the arguments in Defendant's motion to dismiss. As this responsive pleading was filed nearly two years after the time in which Plaintiff had to file a response, the Court does not consider those arguments here.

12(b)(6) "is to test . . . the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) (emphasis omitted). An action must be dismissed under Rule 12(b)(6) "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). To survive a motion to dismiss under Rule 12(b)(6), on the other hand, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Where a plaintiff's factual allegations are "merely consistent with" a defendant's liability, those allegations "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557). Moreover, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) (citation and internal quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"'When, as here, the Court is presented with an unopposed motion [to dismiss], it may not find for the moving party without reviewing the record and determining

whether there is sufficient basis for granting the motion.'" *Haidon v. Budlong & Budlong, LLC*, 318 F. Supp. 3d 568, 574 (W.D.N.Y. 2018) (quoting *Emerson v. Comm'r of Soc. Sec.*, No. 12 Civ. 6451 (PAC)(SN), 2014 WL, at *9 (S.D.N.Y. Mar. 27, 2014)). "'[W]here a Rule 12(b) motion has not been opposed, this Court must review the merits of the motion and determine whether the movant has carried its burden.'" *Rockefeller v. Warner*, No. 13-CV-01159-RJA-JJM, 2016 WL 62732228, at *1 (W.D.N.Y. July 12, 2016) (quoting *Anderson v. Pedalty*, No. 14–CV–00192, 2015 WL 1735192, *1 (W.D.N.Y. 2015)), *report and recommendation adopted Rockefeller v. Warner*, No. 13-CV-01159A, 2016 WL 6248523, at *1 (W.D.N.Y. Oct. 26, 2016).

## DISCUSSION

Defendant argues in its motion to dismiss that Plaintiff's first cause of action for retaliation under New York Labor Law § 740 is barred by the two-year statute of limitations. "'Although the statute of limitations is ordinarily an affirmative defense that must be raised in an answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint.'" *Connecticut Gen. Life Ins. Co. v. BioHealth Labs., Inc.*, 988 F.3d 127,131–32 (2d Cir. 2021) (quoting *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015)). "A motion to dismiss based on the statute of limitations may be granted only if 'there is no factual question as to whether the alleged violations occurred within the statutory period[.]'" *Schenker AG v. Societe Air France*, 102 F. Supp. 3d 418, 422 (E.D.N.Y. 2015) (quoting *Clement v. United Homes, LLC*, 914 F. Supp. 2d 362, 369 (E.D.N.Y. 2012)). "A motion to dismiss based on the statute of limitations should be granted 'only if a complaint

clearly shows the claim is out of time.'" *Mattson v. Farrell Distrib. Corp.*, 163 F. Supp. 2d 411, 414 (D. Vt. 2001) (quoting *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999)).

New York Labor Law § 740 prohibits an employer from taking retaliatory action against an employee who discloses to a supervisor a policy or practice that the employee reasonably believes is in violation of law. N.Y. Lab. Law § 740(2)(a). Retaliatory action is defined as an adverse employment action "including but not limited to discharge, suspension, or demotion." N.Y. Lab. Law § 740(1)(e). "A demotion accompanied by a reduced salary is an adverse employment action." *Tozzi v. Daleview Care Ctr.*, 818 F. Supp. 3d 356, 363 (E.D.N.Y. 2026). "A demotion accrues when the employer *notifies* the [plaintiff] about the demotion, not when the demotion *happens*." *Id.* (emphasis in original). "A demotion, 'particularly one that is accompanied by a significant loss of salary, prestige or responsibilities,' can give rise to a plausible allegation of constructive discharge.'" *Id.* (quoting *Bright-Asante v. Saks & Co.*, 242 F. Supp. 3d 229, 243 (S.D.N.Y. 2017)). "A retaliation claim based on constructive discharge accrues when the employee notifies her employer that she intends to resign." *Id.* The statute of limitations for filing a Section 740 claim is two years after the claim accrues. N.Y. Lab. Law § 740(4)(a).

At the outset, the Court notes that Plaintiff's complaint, filed on June 17, 2024, is not clear regarding which event(s) were retaliation and, correspondingly, when the alleged retaliation took place. Plaintiff alleges that he received a letter of termination on or around April 14, 2022, claiming to be effective March 14, 2022. ECF No. 1-2 ¶

16. Plaintiff also alleges that Defendant changed its reason for his termination, "later stat[ing], in a termination letter, that [he] was being terminated for swearing." *Id.* ¶¶ 21, 31. It is unclear on the face of the complaint, however, when Defendant provided that reason. These allegations, in conjunction with the Warden meeting on June 20th, raise factual questions as to whether an alleged retaliatory action was taken within two years of Plaintiff filing his complaint. *See Schenker AG,* 102 F. Supp. 3d at 422.

In other words, accepting all the factual allegations in the complaint as true and drawing all reasonable inferences in the Plaintiff's favor, there are factual questions as to whether an alleged retaliatory action took place within the statute of limitations. *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008). Thus, Defendant's motion to dismiss is denied. *Schenker AG*, 102 F. Supp. 3d at 422.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's first cause of action [ECF No.4] is DENIED. Accordingly, it is hereby

ORDERED that Defendant answer or otherwise respond to Plaintiff's complaint within thirty (30) days of the entry of this Decision and Order.

Dated: November 20, 2026
Rochester, New York

ENTER:

HON. MEREDITH A. VACCA
United States District Judge